## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROBERT WILLIAMS,** *et al.*                                **CIVIL ACTION**

**VERSUS**                                                   **No. 05-5020**

**BALLY'S LOUISIANA, INC.**                                  **SECTION I**


### ORDER AND REASONS

Before this Court is a motion filed on behalf of plaintiffs, Robert Williams, Kurt Labeaud, and Don Hayes, to certify a class action pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 216(b).[1] Defendant, Bally's Louisiana, Inc. ("Bally's"), opposes the motion.[2] For the following reasons, plaintiffs' motion is **GRANTED.**

### *BACKGROUND*

Plaintiffs were employed and classified as seamen on the Belle of Orleans, a gaming vessel operated by defendant, Bally's.[3] On April 1, 2001, however, Bally's ceased to operate the Belle of Orleans as a vessel due to an act of the Louisiana Legislature prohibiting gaming on riverboats, except while docked.[4] Therefore, to continue its gaming operations, Bally's permanently moored the vessel to premises located at the New Orleans Lakefront Airport.[5]

---

[1] Rec. Doc. No. 1, p. 8.

[2] Rec. Doc. No. 22.

[3] Rec. Doc. No. 18, p. 2.

[4] Rec. Doc. No. 18, Pls.' Mem. in Support of Mot. to Certify Class Action, p. 3.

[5] *Id.*

According to plaintiffs, this action resulted in a change of their status, from seaman to non-seamen, because their work no longer involved transportation.[6]

Based on their new status, plaintiffs contend they are non-exempt, hourly employees entitled to receive overtime wages as prescribed by the FLSA.[7]  Plaintiffs further allege that Bally's violated §§ 206, 207, and 215(a)(2) of the FLSA by requiring plaintiffs and those similarly situated to work in excess of 40 hours per week without compensating them at an overtime rate of time-and-a-half for the additional hours worked.[8]  Plaintiffs now seek to recover on behalf of themselves and all others similarly situated for Bally's alleged violations of the FLSA's overtime provisions.

Plaintiffs' original complaint, in part, requests this Court to recognize their claims as a collective action pursuant to § 16(b).[9]  Additionally, plaintiffs urge this Court to approve appropriate notice to be sent to similarly situated individuals and to require that Bally's turn over the names and addresses of all potential opt-in plaintiffs.[10]  In their memorandum, however, plaintiffs attempt to persuade this Court by analyzing the issues as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Bally's opposition to plaintiffs' motion to certify class focuses on the Rule 23 analysis and correctly notes that § 16(b) precludes

---

[6] *Id.* at pp. 3-5.

[7] Rec. Doc. No. 1, p. 6.

[8] *Id.*

[9] Rec. Doc. No. 1, p. 8.

[10] *Id.*

Rule 23 class actions in a FLSA suit.[11]  Defendant's opposition, however, neglects to address

plaintiffs' original complaint and the issue of whether they are entitled to have their suit

maintained as a collective action pursuant to § 16(b).[12]  Because plaintiffs' complaint was one

for collective action pursuant to § 216, and considering that the relief plaintiffs seek in the

instant motion is available to them under § 216, the Court will consider plaintiffs' motion as a

motion for collective action.

### LAW AND ANALYSIS

Under the FLSA an employee may bring an action against an employer on "behalf of

himself . . . and other employees *similarly situated*."[13]  29 U.S.C. § 216(b) (emphasis added).

---

[11] *See LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1973) (holding that Rule 23 class actions are precluded in FLSA suits by § 16(b)); *see also Wyatt v. Pride Offshore, Inc.*, No. 96-1998, 1996 WL 509654, at *1 (E.D. La. Sept. 6, 1996) ("FRCP 23 class actions are incompatible with actions brought under the FLSA.").

[12] Although plaintiffs applied the wrong standard to their motion, this error does not preclude the Court from conditionally certifying plaintiffs' suit as a collective action under § 16(b).  *See Whitworth v. Chiles Offshore Corp.*, No. 92-1504, 1992 WL 235907 (E.D. La. Sept. 2, 1992) (denying plaintiffs' motion to certify a class action that was based on an inapplicable rule, but permitting the same action to proceed as a collective action under the FLSA).

[13] 29 U.S.C.A. § 216(b) provides:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in

These actions are generally referred to as "collective" or "representative" actions.  Unlike a Rule 23 class action, a § 16(b) collective action requires putative plaintiffs to opt-in to the litigation rather than opt-out.  *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).  "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice."  *Donohue v. Francis Servs., Inc.*, No. 04-170, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004) (quoting *Whitworth v. Chiles Offshore Corp.*, No. 92-1504, 1992 WL 235907, at *1 (E.D. La. Sept. 2, 1992)).

To determine whether potential opt-in plaintiffs are similarly situated, a consensus of courts apply a two-step analysis for conditional certification outlined in *Mooney*, 54 F.3d at 1213-14.  *See, e.g.*, *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709 (E.D. La. Jul. 2, 2004) ("It is clear that the two-step ad hoc approach is the preferred method for making the similarly situated analysis and that the similarly situated standard does not incorporate Rule 23 requirements.").  The first step occurs at the "so-called 'notice stage'" where, the district court decides whether to provide notice of the action to potential class members.  *Donohue*, 2004 WL 1161366, at *1 (citing *Mooney*, 54 F.3d at 1213-14).  The court applies a lenient standard because this decision is generally based upon only the pleadings and any affidavits that have been submitted.  *Mooney*, 54 F.3d at 1213-14; *Donohue*, 2004 WL 1161366, at *1.  "At the notice stage, 'courts appear to require nothing more than substantial allegations that the putative

---

which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.

class members were together the victims of a single decision, policy, or plan infected by discrimination.'" *Mooney*, 54 F.3d at 1214, n. 8 (quoting *Sperling v. Hoffman-La Roche, Inc.,* 118 F.R.D. 392, 407 (D. N.J. 1988)). Therefore, "conditional certification" is typically granted and putative class members are provided notice and the opportunity to opt-in. *Mooney*, 54 F.3d at 1213-14; *Basco*, 2004 WL 1497709, at *3. The case then proceeds as a collective action through discovery. *Mooney*, 54 F.3d at 1213-14; *Basco*, 2004 WL 1497709, at *3.

The second step takes place if, and when, the defendant files a motion for decertification, generally after discovery is largely complete. *Mooney*, 54 F.3d at 1214; *Basco*, 2004 WL 1497709, at *3; *Donohue*, 2004 WL 1161366, at *2. At this point, the court has greater information upon which to base its decision "and makes a factual determination on the similarly situated question." *Donohue*, 2004 WL 1161366, at *2. If the district court determines that the claimants are similarly situated, then the collective action proceeds to trial. *Basco*, 2004 WL 1497709, at *3; *Donohue*, 2004 WL 1161366, at *2. However, "[i]f the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Donohue*, 2004 WL 1161366 at *2. The original plaintiffs then proceed to trial on their individual claims. *Id.*

In the present case, plaintiffs meet the requirements for conditional certification because the allegations support a finding that they are similarly situated to potential opt-in plaintiffs. The named plaintiffs and putative collective action members are current or former Bally's employees who were employed as seamen, allegedly lost their seaman status, and now contend that they were not paid overtime in violation of the FLSA for work in excess of 40 hours per week. Given the leniency with which conditional certifications are treated under *Mooney*, plaintiffs have made

sufficient allegations for this Court finds that a FLSA collective action should be certified to include all present or former seaman employees of Bally's Louisiana, Inc., who were paid on an hourly basis at any time between approximately April 1, 2001, to the present, and who worked at anytime over 40 hours per week without being paid time-and-a-half for hours worked in excess of 40 per week.

After more extensive discovery has taken place, defendant will have the opportunity to file a motion for decertification.

Accordingly,

For the above reasons, **IT IS ORDERED** that plaintiffs' motion for certification of their FLSA collective action is **conditionally GRANTED**.

**IT IS FURTHER ORDERED** that a joint consent-to-sue notice and opt-in form be submitted to the Court **no later than May 19, 2006.**

**IT IS FURTHER ORDERED** that defendant provide plaintiffs with the names, last-known addresses, and telephone numbers of all potential opt-in plaintiffs **no later than May 31, 2006.**

**IT IS FURTHER ORDERED** that plaintiffs file their FLSA collective action opt-in forms within 180 days of the entry of this order.

New Orleans, Louisiana, May__5th__, 2006.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**