UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT WILLIAMS, ET AL**                              **CIVIL ACTION**

**VERSUS**                                                          **NO. 05-5020**

**BALLY's LOUISIANA, INC. D/B/A**                **SECTION "I" (3)**
**BALLY's CASINO LAKESHORE**
**RESORT INC.**

### REPORT AND RECOMMENDATION

The undersigned conducted protracted mediation between the parties to this collective action filed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. In this case, plaintiffs sought to obtain an award of overtime pay allegedly due when they were employed in the Ship Operations Department by the defendant at its Belle of Orleans Casino vessel. The mediation culminated in a settlement agreement with respect to all claims on Friday, May 11, 2007, within weeks of the scheduled Bench Trial and within a week of the Final Pretrial Conference. The parties filed a Joint Motion to Approve Settlement together with a Memorandum of Resolution detailing the sum and substance of the tentative resolution awaiting approval by the Court, considering both the reasonableness and the fairness of (1) the proposed resolution, (2) the quantum and methodology proposed for purposes of distributing/apportioning the settlement fund and (3) the agreed-upon collective action attorney's fees. Both the trial and the pretrial conference were continued without date.

Under the terms of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., the court must conduct a settlement fairness hearing to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute." Accordingly, the undersigned conducted a settlement fairness hearing on Monday, June 12, 2007, addressing the procedural history of the case, the claims and defenses of the parties and the terms of the final settlement itself.

As aforestated, the plaintiffs in this case are or were allegedly employees of working in the Ship Operations department at Bally's Belle of Orleans Casino. Bally's denied liability claiming that plaintiffs were exempt from the overtime requirements of the FLSA pursuant to the "seaman" exemption. 29 U.S.C. § 213(b)(6). The parties resolved all of their claims and the terms of the resolution follow:

All opt-in plaintiffs have agreed to settle this FLSA Collective Action for the total sum of $105,000.00 including attorney's fees and costs. The proposed distribution of settlement proceeds follows:

1. $250.00 to each of the 10 plaintiffs who did not have employment records indicating that they were employed within the two years preceding their opt-in filing, to wit: Richard Blackman, Christopher Booker, Kenneth Christophe, Andre Denoux, Lindy Forriest, James Fricke, Don Martin Hayes, Kurt Lebeaud, Derrick Matthews and Lorenzo Morgan. The proposed settlement plan provides that the aforesaid plaintiffs will bear no costs of the CPA report since the CPA reviewed no records on their behalf as no such records were available. However, said ten plaintiffs shall each bear their proportionate share of the deposition costs and attorney's fees, as some of the depositions were noticed for the purpose of an inquiry into whether they were working for the defendant during the appropriate time period.

2. The balance of the fund will paid on a pro rata basis to those opt-in plaintiffs for whom records were provided by Bally's. The aforesaid opt-in plaintiffs' pro rata share shall be based upon the amount of their claims as established by the CPA, with the exceptions of Ronald Chauvin, Winston Massiah and Courtney McCarter, who will be paid $500.00 each.[1] All case costs, including the CPA report, will be taxed against the aforesaid opt-in plaintiffs on a pro-rata basis which is a function of the amount of work done by the CPA in reviewing each of said opt-in plaintiff's losses.

In this Court's view, the parties had a legitimate disagreement over whether the "seaman"

---

[1] The award of $500.00 to each of these three opt-in plaintiffs is considered reasonable and fair in light of the fact that they were unable to meet the requisites necessary to demonstrate entitlement to a three year period; however, there was a possibility that this period would have been applied had the case proceeded to trial on the merits.

exemption from overtime requirements of the FLSA applied in this case.  The settlement represents a significan portion of the amount the plaintiffs would have tried to prove at trial and makes allowances for the inherent difficulties and costs of a trial, especially in view of the affirmative defense that plaintiffs were exempt under law from entitlement to overtime pay. The plaintiffs and plaintiffs' counsel have agreed among themselves upon the division of the monetary portion of the settlement.

 Turning to the matter of attorneys' fees, albeit uncontested, the court has a duty to independently examine the reasonableness of the fees and costs.  The Court has complied by considering the relative weights of the applicable factors set forth in *Johnson v. Georgia Highway Express*, *Inc*., 488 F.2d 714, 717-19 (5th Cir.1974).

In light of these factors, IT IS RECOMMENDED that the court find the settlement, the distribution of the settlement fund and the attorney's fees/costs are reasonable and fair.  IT IS FURTHER RECOMMENDED that the court find that the settlement constitutes a fair and reasonable resolution of a bona fide dispute of the FLSA issues in this case, approve the settlement and enter final judgment dismissing the action with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...**"** *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29

(5th Cir.1996) ( *en banc* ) (citations omitted).

New Orleans, Louisiana this 18th day of June, 2007.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**